MEREDITH (CHOATE v.). See Case No. 2,-692.

MEREDITH (LEWIS v.). See Case No. 8,-328.

MEREDITH (SPEIGLE v.). See Case No. 13,227.

MERIDEN BRITANNIA CO. (STRONG MANUF'G CO. v.). See Case No. 13,546.

---

## Case No. 9,458.

### In re MERKLE.

[5 Ben. 8.][1]

District Court, E. D. New York. Feb., 1871.

BANKRUPTCY—VOLUNTARY SUBMISSION OF BANKRUPT TO ARREST—MOTION TO SET ASIDE BANKRUPTCY.

After involuntary proceedings in bankruptcy were commenced, the petitioning creditors commenced an action in a state court against the bankrupt and another, to recover a debt, composed in part of a note set forth as protested in the petition in bankruptcy. In that action, they obtained an order of arrest, but they gave instructions to the sheriff not to arrest the bankrupt or serve him with the summons. The bankrupt voluntarily surrendered himself to the sheriff, and gave bail, and then moved, before the return of the order to show cause, to set aside the bankruptcy proceedings. *Held*, that the bankrupt had not removed himself from the effect of the bankruptcy act [of 1867 (14 Stat. 517)], and that the motion must be denied.

[In the matter of George Merkle, an alleged bankrupt.]

BENEDICT, District Judge. This is a motion, on the part of an alleged bankrupt, made before the return of the order to show cause why he should not be adjudged a bankrupt, to set aside the proceedings against him, for the reason that, since the commencement of the proceedings, the petitioning creditors have caused him to be arrested and held to bail in an action, commenced in a state court, to recover a debt composed in part of the note set forth as protested in the petition.

Whatever force there might be in the position that the taking of the bankrupt upon an order of arrest amounts to a satisfac-

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

tion of the debt, is destroyed, in this case, by the fact disclosed, that although an action was commenced by the petitioners, in which the bankrupt and another person were joined as defendants, and an order to arrest both defendants was granted by the state court, specific instructions were given to the sheriff, not to arrest the bankrupt, nor to serve him with the summons in this action, and that the arrest of the bankrupt was made because he voluntarily surrendered himself to the sheriff, and voluntarily gave bail, in that action, without the knowledge or assent of the petitioners, who now disclaim the proceeding, as against the bankrupt, and offer to give their consent to cancel the bail bond, if any consent on their part be necessary.

A person proceeded against as a bankrupt, does not, by voluntarily placing himself under arrest, or in jail, or in any other place of confinement, remove himself from the effect of the bankruptcy act. The motion is denied.